IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW D. MUSILA,        :        4:12-CV-0752
                             :
                             :
        Plaintiff,        :        (Judge Brann)
     v.                    :
                             :
LOCK HAVEN UNIVERSITY,    :
*et. al.*,                       :
                             :
        Defendants.     :

**M E M O R A N D U M**

September 9, 2013

## I. BACKGROUND:

On April 23, 2012, plaintiff, Andrew D. Musila, commenced the above-captioned action. Musila was, at the time of the events in question, and remains, a tenured professor at Lock Haven University ("LHU"), a named defendant. The other hereinafter named "University defendants" are Deana Hill, the HR Director; Albert Jones, the Director of Social Equity; Deborah Erickson, the Provost; Barbara Dixon, the University President; and Linda Koch the Vice President of Student Affairs. Also named as defendants are the Association of Pennsylvania

1

State College and University Faculties ("APSCUF") and Sara[1] Craft, hereinafter the "Union defendants."

The action is proceeding on an amended complaint filed November 2, 2012, ECF No. 48.  The Honorable John E. Jones III, to whom this matter was previously assigned, in an order dated October 24, 2012, ECF No. 47, granted the defendants' motions to dismiss, with leave to amend, because the complaint, as originally filed, did not state a claim upon which relief could be granted.   The amended complaint is, consequently, plaintiff's second opportunity to persuade the Court as to the merits of his case.

The amended complaint contains four counts.  Count I alleges a violation of Musila's procedural and substantive due process rights under the *Fourteenth Amendment,* pursuant to 42 U.S. C. § 1983 against LHU, Hill, Jones, Erickson and Dixon.  Count II alleges a conspiracy to violate his constitutional rights, pursuant to 42 U.S.C. §1985(3) against all defendants.  Count III alleges a civil conspiracy against all defendants.  Count IV alleges a violation of the Pennsylvania Public Employee Relations Act, 43 P.S. §1101.1201 against LHU and the APSCUF.

--------

[1]Ms. Craft is listed on the docket as Sarah, but her name is spelled Sara.  Had the case survived the second motions to dismiss, the undersigned would have directed the clerk to correct the docket.  Since the action is being dismissed, the docket does not need to be corrected.

On November 15, 2012, the University defendants filed a Motion to Dismiss. ECF No. 49. On November 16, 2012, the Union defendants also filed a Motion to Dismiss. ECF No. 53. Both motions have been fully briefed and are now ripe for disposition. For the reasons discussed below, the Court will dismiss the amended complaint, with no further opportunities to amend.

## II. DISCUSSION:

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to

dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, 2008 U.S. Dist. LEXIS 54882, *4, 2008 WL 1969311 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, even under this lower notice pleading standard, a plaintiff must

do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. *Hellmann*, *supra*. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, *supra*, *citing* Fed. R. Civ. P. 8(a).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327

## B. Allegations in the Complaint

Accepting as true all of the allegations in the complaint, and the exhibit attached thereto, the facts are as follows. Musila is, and was at the time of the

events in question, a tenured professor at Lock Haven University in Lock Haven, Pennsylvania. Musila is an African-American male of Kenyan national origin. Musila is a member of a labor union, the APSCUF. The APSCUF and the Pennsylvania State System of Higher Education have a collective bargaining agreement, under which Musila is protected. Article 43 of the agreement defines the handling of complaints against faculty members.

In May 2010, a female student accused Musila of sexual harassment. Concurrent to this accusation, Musila also had an outstanding labor grievance against Hill and Jones. Musila asserts that he was required to appear, unrepresented, before two people - Jones, and non-defendant Timothy Keohane, contrary to LHU policy that required a panel without a conflict of interest.[2] Musila objected, (how, is unclear from the complaint), to participation by Jones and/or Hill in "the process."

What happened subsequently is not clear from the amended complaint, so the undersigned will quote the paragraphs directly, as opposed to attempting to paraphrase alleged facts.

"27. On August 10, 2010, following the fact finding conference, Albert

---

[2]The complaint does not describe what Timothy Keohane's position is at the University.

Jones indicated that the matter was not proceeding under the sexual harassment policy or the grade appeal process.

28. Given Albert Jones' preoccupation with matters sexual at the fact finding conference, this position was at odds with the manner in which the meeting was held."

Pl.'s Complaint, ECF No. 48.

On August 30, 2010 Jones delivered a report to Erickson. On September 20, 2010, a pre-disciplinary hearing was held before Erickson, Dixon and Hill. Musila attended with his union representative.[3] After the hearing, Dixon issued a letter of reprimand to Musila.

Once again, the complaint is not clear, stating:

"34. A grievance was filed arising out of this action.

35. [Not cited by the undersigned, as it is a conclusion of law, not a factual allegation]

36. Plaintiff was at this time a visiting professor at Princeton University in Princeton, NJ. This conduct led to the filing of another

---

[3]It is not clear from the complaint whether or not the union representative at this hearing was defendant Craft, or someone else from the union.

grievance."

Pl.'s Complaint, ECF No. 48.

Plaintiff avers that he was not provided a copy of the sexual harassment complaint prior to the investigation being launched and the investigation was not undertaken in a timely manner, both in violation of his collective bargaining agreement. As a result, the APSCUF filed additional grievances on behalf of Musila. The APSCUF voted to take the grievances to arbitration and refused to "work with" Musila's privately retained counsel (presumably, although it does not say so in the complaint, the same counsel who filed the instant action).

In the spring of 2011, the APSCUF settled the five grievances it filed on behalf of Musila. The settlement was not acceptable to Musila for four reasons: first, Musila argues that he did not commit the acts to which he was accused; second, the written reprimand would remain in his personnel file for two years; third, "it was asserted that the letter would be removed 'having served its purpose,' [p]laintiff has never been proven to have ever interacted improperly with a student," and finally, Musila is concerned that the documents in his file may interfere with his ability to obtain a position at another university or to advance at LHU.

### C. Analysis

I.  Count I

Count I alleges a violation of Musila's procedural and substantive due process rights under the *Fourteenth Amendment* pursuant to 42 U.S. C. § 1983 against LHU, Hill, Jones, Erickson and Dixon.   The LHU defendants argue that Musila's substantive due process claim fails because he  does not have a fundamental property interest in his employment and that procedural due process protections were afforded as Musila had notice and an opportunity to be heard. Muslia's response is that pursuant to *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 576-77, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) that plaintiff's due process rights were, in fact, not legally observed.

As an initial matter, the LHU is not a "person" for purposes of a 42 U.S.C. § 1983 action.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (the state university is an arm of the state and states are not "persons" for purposes of § 1983); *see also Rieder v. Gannon Univ.*, 481 Fed. Appx. 707, 708 (3d Cir. 2012) (not-precedential) (a private university is not a person for purposes of § 1983); *McCauley v. Univ. of the Virgin Islands,* 618 F.3d 232 (3d Cir. 2010) (a university is an arm of the territory and is not a person for purposes of § 1983).   As a result, Count I fails as a matter of law as to LHU.

Plaintiff appears to have misunderstood defendant's argument that LHU

itself is not a person subject to a suit pursuant to § 1983. Plaintiff's arguments in his opposing brief as to this point are misguided and defend several issues which were not raised by the University defendants and will not be addressed. Plaintiff did not, however, defend the argument that the University itself is not a person subject to 1983. In light of the fact that this is defendants' only argument as to that issue, and is, of course, legally correct, LHU will be dismissed on this basis.

Plaintiff, instead, argued that the person defendants are being sued in their individual and official capacities and are subject to § 1983 action. While this argument is also correct, it is why defendants did not raise this as a defense. Additionally, plaintiff argued that defendants are not entitled to qualified immunity, which, once again, defendants did not raise as a defense, and which the Court declines to address.

The Court turns now to the substantive and procedural due process claims as to the remainder of the University defendants.

A. Substantive Due Process

To prevail on a substantive due process claim challenging a state actor's conduct, 'a plaintiff must establish as a threshold matter that he [or she] has a protected property interest to which the Fourteenth Amendment's due process protection applies.' *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139-140

(3d Cir. 2000) (quotation marks and citation omitted). Whether a property interest is protected for purposes of substantive due process is a question that is not answered by reference to state law.

Rather, for a property interest to be protected for purposes of substantive due process, it must be 'fundamental' under the United States Constitution. *Nicholas,* 227 F.3d at 140. This court held explicitly that public employment is not a fundamental right entitled to substantive due process protection. *Id.* at 142-143.

More specifically, as it relates to the case at bar, the Third Circuit has held that a property interest in tenured professorship is not entitled to substantive due process protection. *Nicholas v. Pa. State Univ.*, *supra*. "[T]enured public employment is a wholly state-created contract right; it bears little resemblance to other rights and property interests that have been deemed fundamental under the Constitution." *Id.* at 143. "Nor does public employment approach the interests implicit in the concept of ordered liberty..." *Id.* (internal citations omitted). "Our decision also comports with the Supreme Court's admonition that the federal judiciary should not become a general court of review for state employment decisions." *Id.* As Judge (now Justice) Alito, writing for the *Nicholas* court, observed:

The federal court is not the appropriate forum in which to review the

multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error...The *Due Process Clause of the Fourteenth Amendment* is not a guarantee against incorrect or ill-advised personnel decisions.

*Id. citing Bishop v. Wood*, 426 U.S. 341, 359-60, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976).

To the extent plaintiff's substantive due process claim rests on reputational injury that decreased his ability to earn a living, it also fails. *See Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399-404 (3d Cir. 2000) (defamatory statements that curtail a plaintiff's business opportunities do not suffice to support a substantive due process claim). Musila's brief in opposition to the University defendants motion to dismiss states that "to state a claim under Section 1983, it is not necessary that substantive due process protection apply to Plaintiff's claim." Pl.'s Br., November 29, 2012, ECF No. 55 at 14. This is an accurate, but confusing sentence. It is not necessary to raise a substantive due process claim in order to maintain a § 1983 claim. Plaintiff does, however, claim a substantive due process violation as part of Count I of his complaint. The Court can only surmise that based on this puzzling sentence, combined with the fact that his arguments in his brief focus only on procedural due process, plaintiff is intending to withdraw

his substantive due process claim.  Even if that is not plaintiff's intent, plaintiff's substantive due process claim does not survive as a matter of law, and, therefore, the substantive due process component of Count I will be dismissed with prejudice.

B. Procedural Due Process

Although this concept may, to some degree, seem confusing to the public at large who may undertake to read this opinion, while the Court found that Musila's continued employment is not a property interest protected by substantive due process, it may still be a property interest entitled to protection for purposes of procedural due process.  As a consequence, the undersigned engages in a second examination of Musila's interest in his employment.  *See, e.g.*, *Nicholas,* 227 F.3d at 140.

A state may not authorize deprivation of a protected liberty or property interest without providing a procedural mechanism in connection with that deprivation that satisfies the requirements of due process.  *U.S. Const. amend. XIV*. In order to establish that the state has violated an individual's right to procedural due process, a plaintiff must first, demonstrate the existence of a protected interest in life, liberty or property that has been interfered with by the state; and then second, establish that the procedures attendant upon that deprivation were

constitutionally insufficient.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Hewitt v. Helms*, 459 U.S. 460 (1983).

It is well established that not all employees have a property interest in their jobs.  *Swinehart v. McAndrews*, 221 F. Supp. 2d 552, 557 (E.D. Pa. 2002), *aff'd*, 69 Fed. Appx. 60 (3d Cir. 2003). "To have a property interest in a job. . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (internal citations omitted).  "Whether a person has a legitimate entitlement to – and hence a property interest in – his government job is a question answered by state law." *Id.* "The decisional law is clear that an at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer." *Id.*

"[T]enured professors at public universities hold a property interest in their tenure, so that procedural due process is necessary when the university seeks to dismiss a tenured professor." *Univ. of Pittsburgh v. United States*, 507 F.3d 165, 176 (3d Cir. 207) *citing McDaniels v. Flick,* 59 F.3d 446, 454 (3d Cir. 1995); *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992).  There is a

"protectible property interest in continued employment as a tenured professor at a college." *McDaniels*, 59 F.3d at 454.

It is clear, despite defendants' assertions, that plaintiff has a property interest in his employment that is entitled to due process protections. The interesting twist in this case is that Musila was not deprived of his job. Muslia, argues instead, that he was deprived of his good name, reputation, honor or integrity. However, "harm to reputation alone did not suffice for a constitutional tort based on procedural due process." *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 401 (3d Cir. 2000), *see e.g., Paul v. Davis*, 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976).

Plaintiff's reliance on *Bd. of Regents of State Colleges v. Roth,* is misplaced. 408 U.S. 564, 576-77, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972). Musila asserts that harm to reputation, alone, is eligible for procedural due process protection based on *Roth*. This is not the case. *See, e.g., Boyanowski, supra. Roth* stands for the proposition that basing a <u>termination</u> on charges "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him" is entitled to procedural due process protections. *See, Roth*, 408 U.S. at 573. This case does not stand for the proposition that placing a letter in an employees file while retaining tenured professorship as an employee is

a due process violation.

The Court will not address any arguments that defendants should be granted qualified immunity, as Count I fails, in its entirety, as a matter of law.

As a result, Count I will be dismissed with prejudice.

## 2.  Count II

Count II alleges a conspiracy to violate Musila's constitutional rights, pursuant to 42 U.S.C. §1985(3), against all defendants.  The LHU and Union defendants argue that Muslia has not plead facts to support the elements of a 1985(3) violation; they argue that Musila has only plead conclusory allegations. Moreover, they argue that Musila has not alleged any actual injury as he remains a tenured professor at LHU with no loss of income or benefits.  Muslia's response is that the LHU defendants did not act in compliance with LHU's grievance procedure and because they participated as a panel in the grievance process, that there was a meeting of the minds.  Musila's response to the Union defendants raises for the first time in his brief (not in the well-plead complaint) the allegation that Craft secretly conspired with LHU to settle Musila's claim.

Notice pleading, as opposed to a heightened pleading standard, applies to  42 U.S.C. § 1985(3) claims.  *See Evans v. Chichester Sch. Dist.*, 533 F. Supp. 2d 523

(E.D. Pa. January 11, 2008) (Yohn, Jr. J.).  To state a claim under § 1985(3),
plaintiffs must allege

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory
> animus designed to deprive, directly or indirectly, any person or class of
> persons to the equal protection of the laws; (3) an act in furtherance of
> the conspiracy; and (4) an injury to the person or property or the
> deprivation of any right or privilege of a citizen of the United States.

*Id. citing Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir. 1997).

Although plaintiff only had to put defendants on notice of this claim against
them in his amended complaint, he failed to do so.  The complaint does not state
anything other than legal conclusions that there was a conspiracy by the multiple
defendants against him.

If Musila believes that the LHU defendants did not act in accordance with
their own grievance procedure, this does not rise to the level of civil conspiracy.  If
that, indeed, is part of his employment contract, it may have been a contractual
violation, but it certainly does not evince a conspiracy to deprive Musila of his
rights based on his race or national origin.  Furthermore, the fact that a panel acted
to handle Musila's grievance cuts against Musila's argument that LHU did not
follow its own policy.  Musila states in his amended complaint that LHU is
supposed to act as a panel when handling grievances; the fact that such a group

acted is not a sufficient allegation to support the elements of a conspiracy. Moreover, there is nothing to suggest that any LHU defendant on this panel acted to deprive Musila of his rights based on his race or national origin.

Finally, the claim fails as to the Union defendants. The amended complaint does not allege facts in support of Musila's claim that either of the Union defendants conspired against him. Plaintiff alleges, for the first time in a brief opposing the motion to dismiss that Craft had secret conversations with LHU. Raising an issue for the first time in a brief, an issue that is not contained in the amended complaint itself, is insufficient to survive a motion to dismiss.

Nor does the undersigned believe that there may be discoverable information that could cause a jury to find in favor of Musila at trial. Musila states his race and national origin at the beginning of his amended complaint, then makes no further reference to it. There is not a scintilla of alleged fact to suspect that a letter being placed in Musila's file regarding the alleged sexual harassment of a student was done because Musila is an African-American of Kenyan origin. The facts alleged in the amended complaint only indicate that a letter was placed in Musila's file because a panel found that may have been a credible report by a student. Musila has not alleged any facts that suggest that the letter was placed in his file for discriminatory reasons.

This count will be dismissed with prejudice.

3. Count III & IV

Count III alleges a civil conspiracy against all defendants. Count IV alleges a violation of the Pennsylvania Public Employee Relations Act, 43 P.S. §1101.1201 against both LHU and APSCUF. Because the Court is dismissing Counts I and II, the only counts that raise federal question jurisdiction, the undersigned will decline to consider the merits of the two state law claims, Counts III and IV, and will dismiss these two counts without prejudice.

5. The Union defendants request for attorneys fees and costs

In their brief supporting their motion to dismiss, the Union defendants also requested attorney's fees, pursuant to 42 U.S.C. §1988(b), arguing that plaintiff's claim was frivolous, unreasonable or groundless. In response, Musila argues that he provided reasonable legal and factual assertions to support his claims.

42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs." "§1988 does not authorize the award of attorneys' fees against plaintiff's attorney." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) (internal citations omitted). "A plaintiff may be liable for attorneys' fees

under § 1988 when "a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so." *Id.* "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Id.* "The district court must resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 502 (3d Cir. 1991) (internal citations omitted).

Musila's claim was marginal, at best, but both the claim and the attendant attempt to amend his complaint were certainly not frivolous, unreasonable or groundless. It took the Court considerable time and effort to research the nuances of Musila's claim, and it concludes that it was not unreasonable for Musila to believe that he may have had a viable claim. In point of fact, Musila, may still have viable state law claims, to be considered and adjudicated by another jurist in another forum. Consequently, the Court declines to award defendants attorneys fees.

## III. CONCLUSION:

Plaintiff's amended complaint fails to state a claim upon which relief may be

granted. Correspondingly, both pending motions to dismiss are granted.  The Court

will not grant Musila the opportunity to further amend his complaint.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge